UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-23116-CIV-Rosenberg/Reinhart

GARDEN APARTMENTS, INC.,

                Plaintiff,

vs.

CHUB CUSTOM INSURANCE COMPANY,

                Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES (ECF No. 49)

Currently before the Court is a motion by Defendant Chubb Custom Insurance Company for recovery of its attorneys' fees (ECF No. 49) in this breach of contract case. Defendant's motion stems from its offer of judgment, which Plaintiff rejected, and the subsequent entry of final judgment in Defendant's favor. Plaintiff filed a response in opposition to motion (ECF No. 53), and Defendant filed a reply (ECF No. 54). The Honorable Robin L. Rosenberg referred this matter to me for appropriate disposition. ECF No. 55. For the reasons that follow, I **RECOMMEND** that Defendant's motion for fees be **GRANTED.**

## BACKGROUND

Plaintiff Garden Apartments, Inc. is a 50-year-old apartment building located in Miami Beach, Florida, which had a commercial insurance policy with Defendant. In September 2018, Plaintiff's employees noticed water intrusion and mold in the building's drywall. They attributed the damage to wear and tear, given the building's age, and believed it would require only routine maintenance to repair. One year later, Plaintiff learned that the water intrusion was caused by

something more significant, namely, a plumbing system failure, and so Plaintiff filed an insurance claim with Defendant. Defendant denied the claim, contending that Plaintiff should have known about the plumbing system's failure and notified Defendant of the damage much earlier. Plaintiff then filed its Complaint alleging breach of contract for Defendant's failure to provide coverage under the policy. ECF No. 1-1 at 4-8.

On February 23, 2021, Defendant served Plaintiff with a proposed settlement and offer of judgment, stating as follows:

> Defendant Chubb Custom Insurance Company ("Chubb"), by and through its undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes, serves its Proposal for Settlement and Offer of Judgment to Plaintiff Garden Apartments, Inc. ("Garden"), and states:
>
> 1. This Proposal for Settlement and Offer of Judgment ("Proposal") is made by Chubb to Garden, pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79, Florida Statutes.
>
> 2. This Proposal resolves all damages that would otherwise be awarded in a final judgment in the action by Garden against Chubb, as alleged in the Complaint filed by Garden on April 22, 2020, and served on Chubb on June 29, 2020.
>
> 3. This Proposal is conditioned upon Garden agreeing to file a Stipulation of Dismissal With Prejudice of the Complaint in the above-captioned matter with respect to Chubb, and executing a general release for all claims against Chubb related to this lawsuit and the loss alleged by Garden in the Complaint. See Exhibit A attached.
>
> 4. Chubb offers to settle this case with Garden for the total amount of Fifty Thousand Dollars and 00/100 ($50,000.00) in full, final, and global settlement of claims by Garden against Chubb, as alleged in the Complaint filed by Garden on April 22, 2020, and served on Chubb on June 29, 2020.
>
> 5. This Proposal does not include punitive damages because none are pleaded by Garden.
>
> 6. This Proposal is exclusive of attorneys' fees. Attorneys' fees are a part of the legal claim.
>
> 7. This Proposal shall be deemed rejected unless Garden accepts it by delivery of a written notice of acceptance within thirty (30) days after service of the

>Proposal, as required by Rule 1.442. If deemed rejected, this Proposal could subject Garden to an award of attorneys' fees and costs under section 768.79, Florida Statutes, and Rule 1.442.

ECF No. 47-1.

Plaintiff did not respond to Defendant's offer of judgment which constituted a rejection of the offer. Thereafter, on July 28, 2021, Judge Rosenberg entered final judgment in favor of Defendant. As Judge Rosenberg explained in her summary judgment decision, it is undisputed that Plaintiff's Complaint only sought replacement cost damages,[1] and that Plaintiff failed to compete all the necessary repairs, as required by the policy. ECF No. 45 at 7. Judge Rosenberg concluded, "Defendant's Motion for Summary Judgment is therefore granted insofar as the Court agrees with the Defendant that the Plaintiff may not seek replacement cost damages without first effectuating repairs." *Id.* at 9. Relying on Plaintiff's concession that it made no demand for actual cash value damages pre-suit, Judge Rosenberg stated,

>[I]t is self-evident that the Defendant could not be liable for breach of contract . . . based upon a demand that it never received . . . the only remedy that could have theoretically been available to the Plaintiff prior to the filing of the Complaint was that of actual cash value damages, but the Plaintiff never made that demand upon the Defendant – the Plaintiff only sought replacement cost damages. Therefore . . . the Defendant could not have breached the insurance agreement prior to the filing of the Plaintiff's Complaint . . . because the insurance agreement only provides for replacement cost damages and actual cash value damages, and because the Plaintiff is not entitled to either form of recovery, the Defendant is entitled to summary judgment. Nothing in this Order, however, shall preclude the Plaintiff from initiating a new suit based upon actual cash value damages or, should the Plaintiff finalize repairs, replacement cost damages.

ECF No. 45 at 9-10.

With the instant motion, Defendant seeks attorneys' fees in the amount of $34,460.00 representing legal fees incurred from February 23, 2021 (when Defendant served its offer of

---

[1] *See* ECF No. 22 at 2 ("Pre-lawsuit, the only claim Garden presented to Chubb for payment is a replacement cost claim for $1,815,436.11.").

judgment) through the entry of final judgment on July 28, 2021. ECF No. 49. Plaintiff contends that the Defendant failed to comply with the strict requirements set forth in Florida's offer of judgment statute and that Defendant is not the prevailing party because the breach of contract claim was not decided on the merits. Plaintiff also contends that the fees sought are excessive. ECF No. 53.

## DISCUSSION

### 1. Florida's Offer of Judgment Statute and Rule

Florida Statute § 768.79 is implemented by Rule 1.442 of the Florida Rules of Civil Procedure.[2] *See Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007) (*citing Willis Shaw Express, Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003)). *See also Lamb v. Matetzschk*, 906 So. 2d 1037, 1043, n.7 (Fla. 2005) (Pariente, J., dissenting) (noting that the statute creates the substantive right to attorney's fees where an offer of judgment is rejected, and the rule provides the means of implementing such substantive right). Both the Florida statute and the rule provide prevailing parties with an unambiguous method for obtaining attorney's fees. *See Campbell*, 959 So. 2d at 227. Because both the statute and rule derogate from the American rule that each party should bear his its own attorney's fees, both are to be strictly construed. *See*

---

[2] According to Florida Statute § 768.79(2), an offer must: (a) be in writing and state that it is being made pursuant to such section; (b) name the party making it and the party to whom it is being made; (c) state with particularity the amount offered to settle any claim for punitive damages; and, (d) state the total amount. Similarly, Rule 1.442 provides that an offer must (a) name the party or parties making the proposal and the party or parties to whom the proposal is made; (b) identify the claim or claims the proposal attempts to resolve; (c) state with particularity all conditions; (d) state the total amount of the proposal and state with particularity any nonmonetary terms; (e) state with particularity the proposed settlement amount for any claim of punitive damages; (f) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and, (g) include a proper certificate of service. Fla. R. Civ. P. 1.442(c)(2).

*Campbell*, 959 So. 2d at 226. Nevertheless, where all the statutory prerequisites are met, an award of attorney's fees pursuant to the statute is mandatory. *See TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 611 (Fla. 1995).

### 2. Did Defendant's Offer Satisfy Florida's Rule?

Plaintiff contends that Defendant's offer of judgment was deficient because it did not specify "whether bad faith was part of both the proposal for settlement **and** the legal claim itself." ECF No. 53 at 5 (emphasis in original). In making this argument, Plaintiff attempts to add an entirely new requirement to Florida's rule. The rule itself does not require an offeror to specify whether or not claims not alleged in the Complaint are actually contained within its offer.[3] Plaintiff has provided no legal basis for this Court to adopt such a strained interpretation of the rule. Contrary to Plaintiff's argument, I find that Defendant's offer of judgment satisfied Rule 1.442's requirements.

### 3. Is Defendant the Prevailing Party for Purposes of Florida's Rule?

Plaintiff contends that because Judge Rosenberg entered summary judgment in Defendant's favor based on Plaintiff's flawed damages claim, she did not decide the breach of contract claim on the merits and that "the lack of finality in the Order issued by the Court is comparable to a lawsuit being dismissed without prejudice . . ." ECF No. 53 at 6-7. Plaintiff fails to cite any analogous case law involving Florida's offer of judgment statute that supports this proposition. The cases cited by Plaintiff are all distinguishable.

In any event, I reject Plaintiff's premise and adopt the conclusion by another court that "[t]here is nothing in either Fla. Stat. § 768.79 or Rule 1.442 that requires judgment on the merits

---

[3] Plaintiff concedes that it was precluded from claiming bad faith in this lawsuit and that it could only be raised as a claim in a subsequent lawsuit if Plaintiff prevailed in this lawsuit. ECF No. 53 at 5.

to be entitled to an award of attorneys' fees." *Filipovich v. New York Cent. Mut. Fire Ins. Co.*, No. 6:03-CV-194-0RL-31, 2005 WL 7981510, at *4, n.4 (M.D. Fla. Oct. 4, 2005), report and recommendation adopted, No. 6:03-CV-194-ORL-31, 2005 WL 7981511 (M.D. Fla. Nov. 4, 2005).  There, the court held that "[p]ursuant to Fla. Stat. § 768.79(1), Defendant is entitled to recover reasonable costs and attorneys' fees from the date of the offer if the judgment is one of no liability," regardless of whether the dismissal was on the merits or simply procedural.  *Id.* The court found it was irrelevant that "Defendant did not obtain dismissal on the merits, but rather because Plaintiff Filopovich refused to testify to preserve his Fifth Amendment rights against self-incrimination." *Id.*  Similarly, I find that the entry of judgment in Defendant's favor here is sufficient to trigger the recovery of attorneys' fees, regardless of Plaintiff's ability to renew its lawsuit in the future, assuming it fulfills its pre-suit obligations and properly pleads its claim.

4. **Reasonableness of the Fees Sought**

Attorneys' fees are properly calculated by multiplying the number of hours reasonably spent on litigation by a reasonable hourly rate. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

In determining the reasonableness of the rates sought, courts consider prior hourly rates awarded to other attorneys of similar experience in the community and also the court's own

knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."); *see also Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). Ultimately, courts should assess "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (The court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively.").

In submitting a request for attorneys' fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman,* 836 F.2d at 1301 (emphasis in original)).

"Failing to lodge specific objections is generally deemed fatal" for a party opposing a motion for attorneys' fees. *Auto-Owners Ins. Co. v. Am. Yachts, Ltd*., No. 06-80073, 2008 WL 11412068 (S.D. Fla. Feb. 6, 2008) (citing *Gray v. Lockheed Aeronautical Sys. Co*., 125 F.3d 1387, 1389 (11th Cir. 1997)), report and recommendation adopted, 2008 WL 11412069 (Feb. 26, 2008). However, courts still have a duty to conduct an independent analysis to ensure that the attorneys' fees sought are reasonable. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of

courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

Here, Plaintiff states that it conducted only a "cursory overview" of defense counsel's invoices and concluded that the time spent was excessive. ECF No. 53 at 8. It appears that Plaintiff only reviewed the first few pages of defense counsel's invoices, which present a summary of the time spent and do not contain any detailed time entries. ECF No. 49-1 at 5-7. There are, however, detailed billing entries attached to Defendant's motion (ECF No. 49-1) that provide sufficient detail of the work performed. Plaintiff has not lodged specific objections to any of these billing entries. Nevertheless, as noted above, I will conduct an independent review of them.

a. <u>Reasonableness of Counsel's Hourly Rates</u>

Defendant seeks recovery of time billed by two attorneys and one paralegal in defending against this lawsuit. Attorney Paul Hudson Jones II is a partner at the law firm of Butler Weihmuller Katz Craig LLP, which Defendant retained on this case. Attorney Jones has been practicing law for 14 years and most of his experience is in the area of insurance defense. His hourly billing rate on this case was $255. ECF No. 49-1 at 1-3. Attorney Donna B. Wood served in an Of Counsel capacity on this case. She has been practicing law for 25 years, primarily in the area of insurance defense, and she billed at an hourly rate of $215. *Id.* at 2-3. Paralegal Stephanie Samsing has 12 years of experience and has an hourly billing rate of $100. *Id.* at 3. I find their hourly rates to be reasonable for the local community in light of each person's experience and skill level. *See GBS Inv. Grp. v. United Specialty Ins. Co.*, No. 18-23310-CIV, 2020 WL 5356562, at *6 (S.D. Fla. Aug. 11, 2020) (J. Goodman) (finding hourly rates for experienced insurance defense and coverage litigators ranging from $175 – $215, and

an hourly rate of $110 for an experienced paralegal, to be "more than reasonable," and commenting that "[i]n fact, the attorney hourly rates could likely have been an additional $100 (or even more) per hour and still have been deemed reasonable"), report and recommendation adopted, No. 18-23310-CIV, 2020 WL 5355966 (S.D. Fla. Sept. 6, 2020).

### a. Reasonableness of the Time Spent

Defendant's motion indicates that during the five-month period for which fees are sought, Mr. Jones spent 108 hours, Ms. Wood spent 28 hours, and Ms. Samsing spent nine hours. ECF No. 49-1 at 3. The billing record reflect that during this time, among other tasks, defense counsel worked to prepare a successful motion for summary judgment, as well as reply papers, and they engaged in settlement negotiations with a private mediator. Moreover, because Plaintiff's initial responses to Defendants' summary judgment motion and statement of material facts were deficient, Judge Rosenberg ordered Plaintiff to file amended responses that complied with the federal and local rules. This necessitated defense counsel to also file amended reply papers. In her order directing the amended filings, Judge Rosenberg stated, "[b]ecause the Defendant will incur costs in filing a second reply, the Defendant may, upon proper motion, seek attorney's fees from Plaintiff's counsel for the cost of an amended reply." ECF No. 37 at 2. Accordingly, Defendant now seeks to recover those additional fees in the instant motion. Finally, I appreciate Mr. Jones' representation that he has already exercised billing judgment by deducting any supervisory time he spent and eliminating billing entries from other attorneys at the law firm. *See* Jones Declaration (ECF No. 49-1) at ¶ 9. In sum, I find that the hours spent were reasonable.

## RECOMMENDATION

Based on the foregoing, I hereby **RECOMMEND** that the District Court **GRANT** Defendant's Motion for Attorneys' Fees in the amount of $34,460.00. ECF No. 49.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 17th day of December, 2021 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
United States Magistrate Judge